RICHARD J. SIMONS (State Bar. No. 072676)
FURTADO, JASPOVICE & SIMONS
22274 Main Street
Hayward, CA 94541
Telephone: (510) 582-1080
Facsimile: (510) 582-8254
Email: rick@fjslaw.com

Attorney for Plaintiff
KANDIE GONSALVES

CYNTHIA L. MELLEMA (State Bar No. 122798)
JEFFRY BUTLER (State Bar No. 180936)
MEGAN L. DUNHAM (State Bar No. 245991)
SONNENSCHEIN NATH & ROSENTHAL LLP
2121 N California Blvd., Suite 800
Walnut Creek, CA 94596
Telephone: (925) 949-2600
Facsimile: (925) 949-2610
Email: cmellema@sonnenschein.com
jbutler@sonnenschein.com
mdunham@sonnenschein.com

Attorneys for Defendant
ALLSTATE INDEMNITY COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KANDIE GONSALVES,<br><br>      Plaintiffs,<br><br>vs.<br><br>ALLSTATE INDEMNITY COMPANY,<br><br>      Defendants. | No. C 09-01672 SI<br><br>STIPULATION FOR DISMISSAL OF THE PETITION TO COMPEL ARBITRATION AND TO STAY THE REMAINING CAUSES OF ACTION PENDING RESOLUTION OF ARBITRATION PROCEEDINGS; [PROPOSED] ORDER |

THE PARTIES, THROUGH THEIR RESPECTIVE COUNSEL OF RECORD, STIPULATE AS FOLLOWS:

Background Facts

1.  Allstate Indemnity Company ("Allstate") issued an automobile policy to named insureds Brendan and Lisa Nelson, which was in effect on or about December 31, 2008 (the "Policy"). On or about December 31, 2008, plaintiff Kandie Gonsalves was involved in a car accident. Subsequently, Plaintiff made a claim to Allstate under the underinsured motorist provision of the Policy.

2.  The Policy contains the following provisions regarding arbitration of uninsured/underinsured motorist claims:

> **Part VI**
> **Uninsured Motorists Insurance Coverage**
> **Coverage SS**
> **We** will pay those damages that an insured person is legally entitled to recover from the owner or operator of an uninsured auto because of:
>
> 1.  **bodily injury** sustained by an insured person, and property damage.
>
> 2.  **Property damage** is covered only if a separate limit is shown on the Policy Declarations for Uninsured Motorists Insurance - Property Damage.
>
> . . . .
>
> The right to benefits and the amount payable will be decided by agreement between the insured person and **Allstate**. If an agreement can't be reached, the decision will be made by arbitration.
>
> **If We Cannot Agree**
>
> If **you** and **we** disagree on your right to receive any damages or on the amount, then upon the written request of either party, the disagreement will be settled by a single neutral arbitrator.

3.  Plaintiff filed a complaint in the above captioned matter against Allstate to compel arbitration, declaratory relief and breach of the covenant of good faith and fair dealing.

Dismissal of Petition to Compel Arbitration

No. C 09-01672 SI - 1 - STIPULATION TO DISMISS AND TO STAY ACTION AND PROPOSED ORDER

4.   The parties have agreed to arbitrate plaintiff's claim and the arbitration proceedings are ongoing.  As a result, the petition to compel arbitration is moot.

5.   The parties stipulate to the dismissal of the petition to compel arbitration in plaintiff's complaint.

<u>Stay of Remaining Causes of Action</u>

6.   In federal court, the Federal Arbitration Act ("FAA") governs enforcement of agreements to arbitrate, the manner of conducting arbitrations, and standards for reviewing and enforcing arbitration awards.  It mandates the enforcement of arbitration agreements arising out of transactions involving interstate commerce, and provides in relevant part as follows:

> A written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2 et seq.  *See also Warren-Guthrie v. Health Net*, 84 Cal. App. 4th 804, 810-11 (2000), overruled on another point in *Cronus Investments, Inc. v. Concierge Services*, 35 Cal. 4th 376, 393, fn. 8 (2005) (an insurance policy is within the scope of the FAA as affecting interstate commerce).

7.   As explained by the California Supreme Court, the "FAA, and section 2 in particular, 'was intended to reverse centuries of judicial hostility to arbitration agreements,' by placing arbitration agreements 'upon the same footing as other contracts.'  Through the FAA, 'Congress precluded States from singling out arbitration provisions for suspect status . . . .'" *Broughton v. Cigna Healthplans of California*, 21 Cal.4th 1066, 1074 (1999); *see also Gilmore v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 24 (1991) (the FAA's purpose is "to reverse the longstanding judicial hostility to arbitration agreements . . . and to place arbitration agreements upon the same footing as other contracts").

8.   Likewise, California Code of Civil Procedure Section 1281.2 provides: "On petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy and that a party thereto refuses to arbitrate such controversy, the court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an

agreement to arbitrate the controversy exists . . . ." California courts have held that the language is mandatory, not precatory (*Coast Plaza Doctors Hosp. v. Blue Cross of California*, 83 Cal. App. 4th 677, 687 (2002), and that any "doubts concerning the scope of arbitable issues [should] be resolved in favor of arbitration." *Market Ins. Corp. v. Integrity Ins. Co.*, 188 Cal. App. 3d 1095, 1098 (1987).

9. The parties request this Court stay this action pending the conclusion of arbitration. The FAA directs District Courts to stay proceedings pending conclusion of arbitration:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, *shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement*, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C § 3 (emphasis added); *see also* 9 U.S.C. § 4.

10. A stay is necessary to avoid duplicative proceedings. *See Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979) ("It would waste judicial resources and be burdensome upon the parties if the district court in a case such as this were mandated to permit discovery, and upon completion of pretrial proceedings, to take evidence and determine the merits of the case at the same time as the arbitrator is going through a substantially parallel process.").

11. The parties request this Court vacate all currently schedules dates, pending the completion of arbitration.

12. The parties will contact the court within 30 days of the arbitration award or other resolution of the arbitration proceedings and request this Court schedule a case management conference.

No. C 09-01672 SI - 3 - STIPULATION TO DISMISS AND TO STAY ACTION AND PROPOSED ORDER

| | | |
|---|---|---|
| 1 | Dated: July 9, 2009 | Respectfully Submitted, |
| 2 | | FURTADO, JASPOVICE & SIMONS |
| 4 | | By_____ |
| 5 | | RICHARD J. SIMONS |
| 6 | | Attorneys for Plaintiff<br>KANDIE GONSALVES |
| 7 | Dated: July ___, 2009 | SONNENSCHEIN NATH & ROSENTHAL LLP |
| 9 | | By_____ |
| 10 | | CYNTHIA L. MELLEMA |
| 11 | | Attorneys for Defendant<br>ALLSTATE INSURANCE COMPANY |

## **PROPOSED ORDER**

IT IS HEREBY ORDERED that:

1. The petition to compel is dismissed.

2. All proceedings in the above-captioned matter are stayed pending arbitration pursuant to the Policy.

3. All dates, including discovery cut-offs, trial and motion filing deadlines, are vacated.

4. The parties shall contact this Court within 30 days following the arbitration award or other resolution of the arbitration proceedings to request a case management conference.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: _____          _____
                                Hon. Susan Illston

27298912\V-3

| | | |
|---|---|---|
| 1 | Dated: July __, 2009 | Respectfully Submitted, |
| 2 | | FURTADO, JASPOVICE & SIMONS |
| 4 | | By_____ |
| 5 | | RICHARD J. SIMONS |
| 6 | | Attorneys for Plaintiff<br>KANDIE GONSALVES |
| 7 | Dated: July 9, 2009 | SONNENSCHEIN NATH & ROSENTHAL LLP |
| 9 | | By_____/s/ CYNTHIA L. MELLEMA_____<br>CYNTHIA L. MELLEMA |
| 11 | | Attorneys for Defendant<br>ALLSTATE INSURANCE COMPANY |

**PROPOSED ORDER**

IT IS HEREBY ORDERED that:

1. The petition to compel is dismissed.

2. All proceedings in the above-captioned matter are stayed pending arbitration pursuant to the Policy.

3. All dates, including discovery cut-offs, trial and motion filing deadlines, are vacated.

4. The parties shall contact this Court within 30 days following the arbitration award or other resolution of the arbitration proceedings to request a case management conference.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: _____                    _____
                                                                Hon. Susan Illston

27298912\V-3

No. C 09-01672 SI                - 4 -           STIPULATION TO DISMISS AND TO STAY
                                                              ACTION AND PROPOSED ORDER